## JOHN CASWELL, JUNIOR, *versus* MOSES C. HOWARD

An indenture of copartnership between C., J., B. and W, dated April 2, 1832 after providing that the copartnership should continue during the term of five years, set forth, that C. had " delivered in a stock or capital, a cotton factory with all the machinery, tools and the privileges belonging to the whole ;" that C., J. and W. were to " put in new machinery fit and proper to be had and used in and about the said cotton factory, a schedule whereof is hereafter to be annexed, which said contemplated new machinery shall be of the value of $3000 ;" that B. had " delivered in a capital or stock, the sum of $1000 ;" that the factory and new machinery were to be kept in repair by the parties, in equal shares ; and that it was agreed by the parties, " that the factory and all the machinery, at the end and expiration of the said five years, shall be the joint property of C., J. and W. only, B. then having no interest therein, B., at the end thereof, to have the sum of $1000 in money, and the profits, if any, to be divided equally between the parties, and if found in arrear and indebted, to bear the loss equally alike." In January 1833, the partnership was dissolved, and subsequently the parties assigned to the plaintiff, who knew of the dissolution, " all their right and title in and to all and singular the rights, privileges and interest secured to them by the" indenture. It was *held*, that by this assignment all the property passed, which, at the time of the assignment, was partnership property, whether it formed a part of the original partnership stock, or was acquired subsequently, to be held and used by the plaintiff during the residue of the five years then unexpired ; and that the operation of the assignment was not affected by the dissolution of the partnership, the assignment being made by all the partners.

In the same case it appeared, that a portion of the partnership property was taken away by a stranger. It was *held*, that, as the plaintiff was answerable over to the owners thereof after the expiration of the five years he was entitled to recover against such stranger, its full value.

TRESPASS *de bonis asportatis.* At the trial, before *Putnam* J., the plaintiff produced in evidence, an indenture between John Caswell, senior, Isaac Johnson, junior, Asahel Booth and William V. Caswell, dated April 2, 1832, by which a copartnership was formed between the parties thereto, in the manufacture and sale of cotton cloth, during the term of five years. This indenture set forth, that John Caswell, senior, " has, the day of the date of these presents, delivered in a stock or capital, a cotton factory situate in Colerain, with all the machinery, tools and the privileges belonging to the whole, the rents and profits whereof are estimated at the sum of $324 annually, to be paid for as herein after provided ; and John Caswell, Isaac Johnson, junior, and William V. Caswell are to put in new machinery fit and proper to be had and used in and about the said cotton factory, a schedule whereof is hereafter to be annexed, which said contemplated new machinery shall be of the value of $3000, the lack or overplus of that sum to be adjusted by mutual agreement ; and the said Asahel Booth has, the day of the date hereof, delivered in a capital or stock, the sum of $1000, in money, to be laid out and expended in the purchase of cotton wool ;" that the parties covenanted, each with the other, that they would, in equal shares, from time to time, keep in repair the factory and the new machinery, and " surrender the same, the natural wear excepted, at the end of five years, unless the same shall be destroyed by floods, lightnings, fires or winds, and pay to the owners of the factory and the new machinery annually in equal shares, the rents and profits thereof estimated at the sum of $324 ; " that it was further covenanted between the parties, " that if the new contemplated machinery, at the end and expiration of five years, shall be of greater value than $3000, in the estimation of competent judges, by reason of repairs or an increased quantity of machinery, in such case the said Asahel shall be entitled to his share of the increased value of machinery made from the joint funds of said parties ; but if, on the contrary, the new contemplated machinery shall, by reason of wear or depreciation in value in this kind of machinery, at the end of five years, become

of less value than $3000, estimated as aforesaid, then in that case the deficiency shall be made up to the said John, Isaac and William V. by the said parties jointly ; " and that it was " further agreed and understood by the parties hereto, that the factory and all the machinery, at the end and expiration of the said five years, shall be the joint property of the said John, Isaac and William V. only, the said Asahel then having no interest therein, the said Asahel, at the end thereof, to have the sum of $1000 in money, and the profits, if any, to be divided equally between the said parties, and if found in arrear and indebted, to bear the loss equally alike." Annexed to this indenture, was an instrument, under seal, dated March 9, 1833, by which the parties to such indenture, for the consideration of the sum of $1060, assigned to the plaintiff " all our right and title in and to all and singular the rights, privileges and interest secured to us by the within instrument."

It appeared, that the defendant, who was a deputy sheriff, had, subsequently to the assignment, by virtue of two writs issued in favor of Booth and Johnson, severally, against William V. and John Caswell, senior, attached certain stoves, tin cans, lamps, &c., a part of which were in the factory, and were the property of John Caswell, senior, when the copartnership was formed, and a part of which were purchased by the partners, with the partnership funds, during the continuance of the partnership ; and that the present action was brought to recover damages therefor.

The defendant offered to prove, that the partnership was dissolved in January 1833, and that this was known at the time by the plaintiff. The plaintiff objected to the admission of this evidence as immaterial. For the purposes of the trial, and in order to present the question on the construction of the indenture and assignment to the whole Court, the judge rejected the testimony, and the cause was by consent taken from the jury.

A new trial was to be ordered, if the Court should be of opinion, that the evidence rejected was material, or that, for any cause, such a course would be required for the proper determination of the case.

Caswell
*v.*
Howard.

if the evidence rejected was immaterial, and the other evidence was sufficient to sustain the claim of the plaintiff to all or any of the property attached, the Court were to render judgment for such sum in damages as they might decide upon, in the same manner as if the issues had been found and the damages assessed by a jury. If the evidence rejected was immaterial, and without such evidence the facts did not sustain the claim of the plaintiff, he was to become nonsuit.

*Sept. 16th.*

*Dwight*, *C. A. Dewey* and *Robinson*, for the plaintiff, ot the point, that where there is a special and a general owner of goods, either may maintain trespass *de bonis asportatis* against a stranger who takes them away, but he who sues first recovers all the damages, and the other is thereby excluded from his action, cited Com. Dig. *Trespass*, *B* 4 ; 5 Dane's Abr. 581.

*Wells* and *Alvord*, for the defendant. By the assignment, the assignors conveyed all the right and title *secured to them by the indenture of copartnership.* We contend, that this referred only to the capital stock, which was leased to the partnership for five years. The property acquired by the partners afterwards, was not secured to them *by the indenture.* If the assignment operated upon such after-acquired property, it would not have conveyed a qualified title thereto for the term of five years, but an absolute title. If the plaintiff is entitled to recover for all or any of the articles mentioned in the declaration, it must be only *for the use of them*, during the term of five years, that being his interest therein. He cannot recover damages for the injury sustained by the reversioners as well as by himself. *Attersoll* v. *Stevens*, 1 Taunt. 183. It is true, that where property in the hands of a bailee *for a special purpose*, is taken by a stranger, either the owner or the bailee may recover damages for the whole value of the property. But if a person has an interest in property *for a limited time*, he can recover for damages thereto, only according to his interest. 1 Chitty on · Pl. (Amer. ed. of 1833) 159, 71 ; 2 Chitty on Pl. 767, note ; *Hall* v. *Pickard*, 3 Campb. 187. The plaintiff is not responsible over to the reversioners in all events ; he is bound only to exercise ordinary care in relation thereto. Story on Bailm. 264 ; Jones on Bailm. 86, 87.

Caswell
*v.*
Howard.

*May term*
1836.

WILDE J. delivered the opinion of the Court. The plaintiff claims property in the goods and articles taken by the defendant, under a deed of sale and assignment from John Caswell, senior, A. Booth, I. Johnson and W. V. Caswell, who in 1832 entered into articles of copartnership in the business of manufacturing cotton cloths, for the term of five years next following, and afterwards in 1833, by their deed, sold, transferred and assigned to the plaintiff, "all their right and title in and to all and singular the rights, privileges and interest secured" to them by the articles of copartnership. A part of the property taken was the property of the partners and a part of the partnership stock at the time the partnership was formed, and the residue was afterwards purchased by the partners with the general partnership funds.

The first question is, what property passed to the plaintiff by the deed of transfer and sale. And we are of opinion, that all the property passed which at the time of the transfer was partnership property, to be held and used by the plaintiff for and during the residue of the term of five years, not then expired. All the rights, privileges and interest of the partners secured to them by the articles or indenture of copartnership, were transferred and assigned. These words extend as well to the new machinery as to the original stock ; for the purchase of the new machinery was contemplated by the parties, and when purchased, became a part of the joint stock. The partners had clearly the right and privilege of using during the term the newly purchased property, and consequently it passed to the plaintiff. The deed of transfer cannot admit any other construction.

Then as to the dissolution of the partnership, that we think can make no difference as to the operation of the assignment ; because it was made by all the partners. They had a right to transfer the property, and the only question is, what was intended to be transferred ; as to which, for the reasons already given, we think there can be no doubt.

We think also the rule of damages is well settled.

The plaintiff is answerable over to the owners of the property after the expiration of the five years ; he is therefore entitled to recover the value of the property. A bailee who

s answerable over to the bailor for safe keeping, is entitled to recover the value of the property bailed against a stranger. So if a sheriff attaches property, and it is wrongfully taken from him by a stranger, he is entitled to recover the full value of the property, because he is answerable to the creditor or debtor for the whole property attached.

The plaintiff's claim stands on the same footing, and is not affected by the decision in *Squire* v. *Hollenbeck*, 9 Pick. 552. For in that case it did not appear, that the plaintiff was answerable over; and the Court expressly say, that if a party is answerable over to the owner for goods in his possession, he is entitled to recover against a stranger not only damages for taking, but also for the value of the goods. In that case also it appeared, that the property had gone to the use of the owner. But in this case only an attempt to secure the property is shown, which cannot legally be enforced.

The plaintiff will be answerable to the owners of the property after the expiration of the five years, notwithstanding the attachments set up in the defence. The sheriff acquired no right under these attachments, and must therefore be considered as a stranger intermeddling with the property without right.

*Judgment for the plaintiff.*